CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 17, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RONALD ANTHONY PERRY,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00372 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **INVESTIGATOR PHILLIPS,**[1] ) | **Chief United States District Judge** |
| Defendant. ) | |

## MEMORANDUM OPINION

Ronald Anthony Perry, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Investigator James Phillips, an investigator with the Pulaski County Sheriff's Office. Perry claims that his cell phone was seized and searched without a warrant in violation of the Fourth Amendment.[2] Phillips has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. For the reasons set forth below, the motion to dismiss is **GRANTED**, and the complaint is **DISMISSED** without prejudice.

## Background

According to the complaint, Perry was stabbed in the face, head, chest, and arm on the night of May 26, 2021, in Pulaski County. Compl. 2, ECF No. 1. The "Pulaski Sheriff" arrived at the scene of the stabbing after Perry had been transported by ambulance to Carilion Medical Center. Id. While Perry was being treated in the emergency room, his jeans were removed and his cell phone was placed on a shelf. Id. Perry alleges that the phone was "taken by a Pulaski

---

[1] The Clerk shall amend the docket to reflect the correct spelling of the defendant's last name.

[2] This case was severed from another case filed on February 10, 2023, Case No. 7:23-cv-00089, which involves claims of excessive force and deliberate indifference against two correctional officers at the New River Valley Regional Jail.

County Sheriff's Office[r]" and that he is unsure as to whether the officer "just picked it up" or received it from an emergency room employee. Id.

Perry was airlifted to Carilion Roanoke Memorial Hospital for surgery. Id. After he awoke from surgery on May 27, 2021, Investigator Phillips questioned him at the hospital and informed him that the person responsible for stabbing him "was not pressing charges." Id. Phillips indicated that the case was being "handed over to the Commonwealth" and that the Commonwealth would decide whether to proceed with charges. Id.

At some point after speaking with Phillips, Perry realized that he did not have his cell phone. Id. He checked the phone's GPS location, which showed that it was at the Pulaski County Sheriff's Office. Id. When Perry called the Sheriff's Office to find out why the phone had been taken without notifying him or his fiancé, an unidentified individual told him that the phone would be returned to him "after a tech went [through] it." Id. Perry retrieved the phone two or three weeks later after Investigator Phillips informed him that he could pick it up. Id.

Perry alleges that he "wasn't being detained or under arrest" at the time his phone was seized and searched, and that the seizure and search occurred without a warrant. Id. at 3. After unsuccessfully attempting to speak to someone with the Pulaski County Sheriff's Office regarding the issue, Perry filed this action against Investigator Phillips under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights.

Phillips has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Perry has responded to the motion, ECF No. 18, and it is ripe for decision.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

Pleadings filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability under § 1983 is determined "person by

person," a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 676). The Supreme Court has explained that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677.

In this case, Perry claims that his cell phone was seized and searched in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "As the text makes clear, the ultimate touchstone of the Fourth Amendment is reasonableness." Riley v. California, 573 U.S. 373, 381 (2014) (internal quotation marks and citation omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." Id. at 382. In Riley, the Supreme Court held that "officers must generally secure a warrant before conducting . . . a search [of data on cell phones]." Id. at 386. Perry alleges that his cell phone was seized and searched without a warrant or his consent.

The problem with the complaint is that Perry does not allege that Investigator Phillips was personally involved in the seizure of his cell phone on May 26, 2021, or the subsequent search of the cell phone. Instead, Perry alleges that Investigator Phillips was present when he awoke from surgery at Carilion Roanoke Memorial Hospital on May 27, 2021, the day after the phone was taken from the emergency room at the first medical center, and that Phillips let Perry know that he could pick up the phone from the Pulaski County Sheriff's Office after Perry inquired about it. Because Perry does not plausibly allege that Investigator Phillips "acted

4

personally in the deprivation of [his Fourth Amendment] rights," the complaint, as currently pled, fails to state a cognizable claim for relief under § 1983 against the only named defendant. Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (internal quotation marks and citation omitted) see also Tuttle v. Sepolio, 68 F.4th 969, 975 (5th Cir. 2023) (explaining that an officer who was not personally involved in effectuating the search at issue could not be held directly liable for the allegedly unlawful search, and emphasizing that "[p]ersonal involvement is an essential element of demonstrating liability under § 1983") (internal quotation marks and citations omitted); Keating v. Pittston City, 446 F. App'x 492, 495 (3d Cir. 2011) (holding that a plaintiff's claim that he was illegally searched and seized failed as a matter of law since he did not allege that the named defendants were personally involved in the incidents, as "required to make out a viable claim under § 1983").

## Conclusion

For the reasons stated, the motion to dismiss filed by Investigator Phillips is **GRANTED**. Because it may be possible for Perry to allege additional facts or name additional parties to cure the pleading deficiency identified above, the court will dismiss the complaint without prejudice and permit Perry to file an amended complaint within 30 days.

An appropriate order will be entered.

Entered: June 14, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.14 16:34:29
-04'00'

Michael F. Urbanski
Chief United States District Judge