CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD PERRY, | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00372 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| ANDREW MCKINNEY, | ) | Senior United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Ronald Perry, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that his cell phone was seized without a warrant in violation of the Fourth Amendment by an officer with the Pulaski County Sheriff's Office. After obtaining the name of the officer responsible for seizing his phone, Perry filed an amended complaint that names that officer, Andrew McKinney, as the sole defendant. McKinney has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 34. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**I. Background**

The following factual allegations are taken from the original complaint and the amended complaint against McKinney. See Holley v. Combs, 134 F.4th 142, 144 (4th Cir. 2025) ("In order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff.") (internal quotation marks and brackets

omitted). The factual allegations are accepted as true for purposes of ruling on the motion to dismiss. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

While in Pulaski County on the night of May 26, 2021, Perry was stabbed in the face, head, chest, and arm. Compl., ECF No. 1, at 2. He was transported by ambulance to Carilion Medical Center. Id. While Perry was being treated in the emergency room, his jeans were removed and his cell phone was placed on a shelf. Id. Before Perry left the emergency room, McKinney seized the phone without a warrant and took it to the Pulaski County Sheriff's Office. Id. at 3; see also Am. Compl., ECF No. 29, at 2.

At some point thereafter, Perry was airlifted to Carilion Roanoke Memorial Hospital for surgery. Compl. at 2. After he awoke from surgery, Investigator James Phillips questioned him at the hospital and informed him that the person responsible for stabbing him was not pursuing charges. Id. Phillips indicated that the case was being "handed over to the Commonwealth" and that the Commonwealth would decide whether to proceed with any charges arising from the incident. Id.

At some point after speaking with Phillips, Perry realized that he did not have his cell phone. Id. He checked the phone's GPS location, which showed that it was at the Pulaski County Sheriff's Office. Id. When Perry called the Sheriff's Office to find out why the phone had been taken without notifying him, Phillips informed him that the phone "would be access[ed] to see if there was evidence of the [stabbing] incident." Am. Compl. at 2; see also Compl. at 2 ("[H]e told me it would be returned to me after a tech went [through] it"). Perry retrieved the phone approximately three weeks later after being told that he could pick it up. Am. Compl. at 2.

2

In his first claim for relief under § 1983, Perry asserts that the seizure of his phone was unconstitutional "because there was no authority to take [the] phone at all in the first place." Id. at 2. He alleges that he "wasn't being detained or under arrest" at the time the phone was taken at the hospital and that the seizure occurred without a warrant. Compl. at 3.

In his second claim, Perry alleges that "nothing was ever filed" with the Office of the Pulaski County Commonwealth's Attorney regarding the stabbing incident and that he "was told by Phillips that the Commonwealth decided not to pursue charges either way." Am. Compl. at 3. Perry states that he "would like those details look[ed] into." Id.

## II. Standard of Review

McKinney has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a plaintiff has stated a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. For this reason, the court may consider other materials submitted by a pro se

3

plaintiff when deciding whether the plaintiff has stated a plausible claim for relief. See Holley, 134 F.4th at 144.

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

**A.     Claim 1**

The court construes Perry's first claim against McKinney as a claim of unreasonable seizure of property in violation of the Fourth Amendment. "The Fourth Amendment, as incorporated through the Fourteenth Amendment, prohibits state actors from conducting 'unreasonable searches and seizures.'" Haze v. Harrison, 961 F.3d 654, 660 (4th Cir. 2020) (quoting U.S. Const. amend. IV). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). While there are some exceptions, "in 'the ordinary case,' seizures of personal property are 'unreasonable within the meaning of the Fourth Amendment,' without more, 'unless . . . accomplished pursuant to a judicial warrant.'" Illinois v. McArthur, 531 U.S. 326, 330 (2001) (alteration in original) (quoting United States v. Place,

4

462 U.S. 696, 701 (1983)). "The government bears the burden to justify a warrantless seizure." United States v. Feliciana, 974 F.3d 519, 523 (4th Cir. 2020); see also Mockeridge v. Harvey, 149 F.4th 826, 835 (6th Cir. 2025) (noting in a § 1983 action that that "[t]he government bears the burden of demonstrating an exception to the warrant requirement") (internal quotation marks omitted); Gill v. Judd, 941 F.3d 504, 523 (11th Cir. 2019) (explaining in the context of a warrantless search that "the plaintiff meets its initial burden by demonstrating the absence of a search warrant" and that the government then "bears the burden of coming forward with evidence that an exception to the warrant requirement applied") (citation omitted).

Here, Perry plausibly alleges that McKinney seized his cell phone at the hospital and that the seizure was unreasonable because it occurred without a warrant. See Altman v. City of High Point, 330 F.3d 194, 205 (4th Cir. 2003) ("A seizure of personal property conducted without a warrant is presumptively unreasonable."). Although McKinney correctly notes that the warrantless seizure of a cell phone may be justified by an exception to the warrant requirement, McKinney does not identify any exception that is "apparent on the face of the complaint." Chinniah v. E. Pennsboro Twp., 761 F. App'x 112, 117 (3d Cir. 2019) (concluding that a district court prematurely dismissed a Fourth Amendment claim under Rule 12(b)(6) based on exceptions to the warrant requirement).

The only exception that McKinney specifically discusses is the plain-view exception to the warrant requirement. The plain-view exception allows an officer to seize an object without a warrant if "(1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a lawful right of access to the seized item; and (3) the incriminating character of the item was immediately apparent." United States v. Green, 106 F.4th 368, 377 (4th Cir.

5

2024) (internal quotation marks and brackets omitted) (citing United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012); Horton v. California, 496 U.S. 128, 136–37 (1990)). The incriminating nature of an object is immediately apparent if, under the circumstances, an officer has probable cause to believe that the object contains or constitutes evidence of a crime. United States v. Davis, 94 F.4th 310, 319 (4th Cir. 2024) (citing United States v. Babilonia, 854 F.3d 163, 180 (2d Cir. 2017) ("Seizure of everyday objects in plain view is justified where the officers have probable cause to believe that the objects contain or constitute evidence.")).\*

In Davis, supra, the United States Court of Appeals for the Fourth Circuit concluded that the incriminating character of a defendant's cell phone was immediately apparent "given the context in which the cell phone was found." Id. The court noted that it had previously observed that "just as it is sometimes reasonable to believe that a suspect's home may contain evidence of their crimes, it might be reasonable to believe that his cellphone will . . . [a]t least . . . for crimes like drug trafficking that involve coordination." Id. (alterations in original) (quoting United States v. Orozco, 41 F.4th 403, 411 n.9 (4th Cir. 2022)). Under the circumstances presented, the Fourth Circuit held that the defendant's cell phone was "lawfully seized as an instrumentality of drug trafficking found in plain view" during the course of searching a residence. Id. Specifically, the court determined that officers "had probable cause

---

\* Although the plain-view exception allows for the warrantless seizure of an item in certain circumstances, the doctrine "is not an exception to the warrant requirement for a Fourth Amendment search." Davis, 690 F.3d at 232 n.11 (emphasis added) (citing United States v. Jackson, 131 F.3d 1105, 1108 (4th Cir. 1997)). Thus, the doctrine cannot be used to justify the warrantless search of a cell phone. See Davis, 94 F.4th at 321 ("[C]ourts have drawn a distinction between the plain view seizure of a container and the subsequent search of that container, because its seizure under the plain view doctrine does not compromise the interest in preserving the privacy of its contents, while its search does. Thus, to search the phone, the government properly sought and received a . . . warrant from a federal magistrate judge.") (internal quotation marks and citations omitted).

6

to associate the phone with criminal activity" based on the quantities of controlled substances found on the defendant's person and in his bedroom, the extent to which the substances were packaged for distribution, the evidence of drug trafficking found elsewhere in the residence, and "the known and obvious connection between drug trafficking and the use of cell phones." Id. (internal quotation marks and brackets omitted). The court then pointed out "several important limitations" to its holding:

> First, we do not hold that cell phones in plain view may <u>always</u> be seized as instrumentalities of a crime. The nature of the alleged crime and the totality of the evidence are critical considerations. The government's seizure of Davis's phone was only justified because officers found the phone together with substantial evidence of drug trafficking—a crime that inherently involves coordination between multiple individuals.

Id. The court went on to emphasize that a cell phone "is an everyday object, . . . whose 'predominate purpose' is not criminal." Id. at 320 (quoting United States v. Runner, 43 F.4th 417, 421 (4th Cir. 2022)). Consequently, "for a cell phone to be seized in plain view, the 'additional evidence or indicators' of criminality have significant work to do to establish probable cause." Id.; see also Babilonia, 854 F.3d at 180 (cited by McKinney) (concluding that an officer was justified in seizing a defendant's phone under the plain view doctrine where the officer had been investigating the defendant for months, the investigation had revealed that the charged murder-for-hire conspiracy involved the use of multiple cell phones, and a separate wiretap investigation revealed that the defendant and his coconspirators used cell phones to conduct drug-related activity).

      Here, Perry alleges that McKinney seized his cell phone without a warrant while he was being treated in the hospital for stab wounds. While McKinney may be able to establish on

7

summary judgment that the seizure of Perry's phone was justified under the plain-view exception, the court is unable to conclude from the current record that the incriminating nature of Perry's phone was immediately apparent. The mere fact that another officer allegedly told Perry that the phone would be accessed to see if it contained evidence related to the stabbing incident is insufficient to establish that officers had probable cause to believe that evidence of a crime would be found on the phone. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993) (explaining that if officers lack probable cause to believe that an object is incriminating "without conducting some further search of the object," the object's "incriminating character is not immediately apparent [and] the plain-view doctrine cannot justify its seizure") (internal quotation marks omitted). Indeed, the pleadings provide no indication that Perry used the cell phone prior to, while, or after being stabbed. And the mere fact that Perry "had a cell phone" when he subsequently arrived at the hospital does not "constitute probable cause to associate the cell phone with criminal activity." United States v. Waldrip, No. 4:18-cr-00163, 2019 WL 13143479, at *6 (S.D. Iowa Apr. 3, 2019). Thus, at this stage of the proceedings, Perry has sufficiently alleged that McKinney unlawfully seized his phone without a warrant, in violation of the Fourth Amendment. See, e.g., Cottman v. Balt. Police Dep't, No. 1:21-cv-00837, 2022 WL 137735, at *13 (D. Md. 2022) (allowing Fourth Amendment claims to proceed against officers who allegedly seized cellphones and other property from plaintiffs while at the hospital after being shot); United States v. Black, No. 14-cv-364, 2015 WL 13660478, at *12 (D. Minn. Apr. 10, 2015) (suppressing a cell phone seized from an apartment from which neighbors heard shots being fired where there was no evidence

8

indicating that officers had probable cause to believe that evidence of a crime would be found on the phone).

For similar reasons, McKinney has not shown that he is entitled to qualified immunity at this stage of the proceedings. See Hammock v. Watts, 146 F.4th 349, 364 (4th Cir. 2025) ("At the motion to dismiss stage, Defendants carry the burden of demonstrating qualified immunity, Henry v. Purnell, 501 F.3d 374, 378 (4th Cir. 2007), and their entitlement to it must appear on 'the face of the complaint' to warrant dismissal on such grounds, Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)."). Because Perry has alleged a plausible Fourth Amendment violation, "[t]he pertinent question is whether 'the unconstitutionality of the [defendant's] conduct was clearly established.'" Id. (quoting Pearson v. Callahan, 555 U.S. 223, 227 (2009)); see also Garrett v. Clarke, 74 F.4th 579, 584 (4th Cir. 2023) ("In our Circuit, Defendants bear the burden of proving that the unlawfulness of their conduct was not clearly established."). A right is clearly established "if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.'" Carroll v. Carman, 574 U.S. 13, 16 (2014) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

At the time of the events in question, "[t]he right to be free from warrantless seizures of personal property, absent an applicable exception, was clearly established to the point of obvious clarity." Crocker v. Beatty, 886 F.3d 1132, 1138 (11th Cir. 2018) (citing Place, 462 U.S. at 701). The plain view exception to the warrant requirement was also clearly established. See United States v. Davis, 690 F.3d 226, 235 (4th Cir. 2012) (discussing and applying the exception); United States v. Jackson, 131 F.3d 1105, 1108–09 (4th Cir. 1997) (same). Because it is not clear from the face of the pleadings that a reasonable officer could have believed that

9

there was probable cause to seize Perry's cell phone without a warrant, McKinney is not entitled to qualified immunity at this time. See Cottman, 2022 WL 137735, at *14–15 (denying qualified immunity under similar circumstances and noting that the defendants were free to reassert the defense as the facts developed). Accordingly, McKinney's motion to dismiss will be denied with respect to the Fourth Amendment claim asserted in Claim 1.

**B.      Claim 2**

In Claim 2, Perry asserts that the Commonwealth's Attorney did not receive any evidence concerning the stabbing incident and that he "was told by Phillips that the Commonwealth decided not to pursue charges either way." Am. Compl. at 3. He indicates that he would like "those details" to be examined. Id.

Claim 2 is subject to dismissal for failure to state a claim upon which relief may be granted. Perry does not allege that McKinney had anything to do with the decision made by the Commonwealth's Attorney. In any event, private citizens have "no right to a criminal investigation or criminal prosecution of another." Smith v. McCarthy, 349 F. App'x 851, 859 (4th Cir. 2009) (citing Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988)); see also Harris v. Salley, 339 F. App'x 281, 283 (4th Cir. 2009) ("Because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another,' Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973), Harris does not have a constitutional right to institute criminal proceedings against Salley or to sue the defendants for failing to use their authority to do so."). Consequently, McKinney's motion to dismiss will be granted with respect to Claim 2.

10

## IV. Conclusion

For the reasons stated, McKinney's motion to dismiss, ECF No. 34, is **GRANTED IN PART AND DENIED IN PART**. An appropriate order will be entered.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18 17:06:37
-05'00'

Michael F. Urbanski
Senior United States District Judge